525-06/PJG/PLS
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiffs
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 10267**

------------------------------------------------------------

ZEMGALE SHIPPING COMPANY LTD.,
LATGALE SHIPPING COMPANY LTD.
APOLLO HOLDINGS CORPORATION,
KALTENE NAVIGATION INC.,
CAPE WIND TRADING CO,
CLIPSTONE NAVIGATION S.A.
KOLKA NAVIGATION INC.,
KULDIGA NAVIGATION INC.
and DAWNLIGHT SHIPPING COMPANY LTD,

**07 CIV _____**

**VERIFIED COMPLAINT**

                            Plaintiffs,

        -against –

UNISEA SHIPPING DENMARK ApS,  and
TRIDENT MARINE ApS,



                            Defendants.
------------------------------------------------------------x

        Plaintiffs, ZEMGALE SHIPPING COMPANY LTD. ("ZEMGALE"), LATGALE

SHIPPING COMPANY LTD. ("LATGALE"), APOLLO HOLDINGS CORPORATION

("APOLLO"), KALTENE NAVIGATION INC. ("KALTENE"), CAPE WIND TRADING CO

("CAPE WIND"), CLIPSTONE NAVIGATION S.A. ("CLIPSTONE"), KOLKA

NAVIGATION INC. ("KOLKA"), KULDIGA NAVIGATION INC. ("KULDIGA") and

DAWNLIGHT SHIPPING COMPANY LTD ("DAWNLIGHT") (collectively "Plaintiff

Owners"), by their attorneys Freehill, Hogan & Mahar, LLP, as and for their Amended Verified

NYDOCS1/293594.1

Complaint against the named Defendants UNISEA SHIPPING DENMARK ApS ("UNISEA") and TRIDENT MARINE ApS ("TRIDENT") (collectively "Defendants"), allege upon information and belief as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for breach of maritime contracts of charter party.    This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.  Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.  Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

### The Parties

**(i)    The Plaintiffs**

2.    At all times relevant hereto, Plaintiff LATGALE was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 171 Old Bakery Street, Valletta, Malta.

3.    At all times relevant hereto, Plaintiff ZEMGALE was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 171 Old Bakery Street in Valletta, Malta.

4.    At all times relevant hereto, Plaintiff APOLLO was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 80 Broad Street, Monrovia, Liberia.

5.    At all times relevant hereto, Plaintiff KALTENE was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in the Marshall Islands.

6.    At all times relevant hereto, Plaintiff CAPE WIND was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 80 Broad Street, Monrovia, Liberia.

7.    At all times relevant hereto, Plaintiff CLIPSTONE was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 80 Broad Street, Monrovia, Liberia.

8.    At all times relevant hereto, Plaintiff KOLKA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in the Marshall Islands.

9.    At all times relevant hereto, Plaintiff KULDIGA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in the Marshall Islands.

10. At all times relevant hereto, Plaintiff DAWNLIGHT was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Block B, Fortuna Court, 284 Archbishop Makarios III Avenue, Limassol 3105, Cyprus.

11. At all times material hereto, the above referenced Plaintiff Owners identified in paragraphs 2-10 were the owners of vessels which were managed by JSC Latvian Shipping Company ("LSC").

**(ii) The Defendants**

12. At all times relevant hereto, Defendant UNISEA was and still is a foreign business duly organized and existing under the laws of a foreign country with an office and business address at H.C. Andersens Boulevard 11, DK-1553 Copenhagen V, Denmark.

13. At all material times relevant hereto, Defendant TRIDENT was and still is a foreign business entity duly organized and existing under the laws of a foreign country with the same business address and telephone number as Defendant UNISEA.

14. The principal business activities of both Defendant UNISEA and TRIDENT are identical, and involve shipping operations, chartering of vessels and marine brokerage.

## The Contracts

15. On or about February 10, 2005, the Plaintiff Owners, through their manager LSC, entered into a series of maritime contracts of charter party with the Defendant Unisea pursuant to which Unisea agreed to pay hire at the amounts specified in the subject contracts.

16. The vessels identified in the charter parties were duly tendered to Defendant Unisea under the terms and conditions of the relevant contracts and the vessels performed as required.

17. Charter hire and other sums due under the above referenced contracts became due and owing but were not paid by Defendant Unisea despite demand and accordingly, the Plaintiff Owners submitted their claims to arbitration in London as specified in the charter parties.

18. Plaintiff Owners fulfilled all obligations required of them under the charter parties.

### The Awards

19. Following submissions to the arbitration tribunal, the tribunal rendered nine arbitration awards, each in favor of the individual Plaintiff Owners as set forth more fully below, copies of which are attached hereto as Exhibits A-I.

20. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorneys' fees, arbitrators' fees, disbursements and interest are also recoverable as items of claim in arbitration proceedings.

21. This action is brought to obtain jurisdiction over the Defendants, to confirm and enforce the existing Awards in the form of a judgment, to obtain security for execution of the judgment to be entered on the existing Awards, as well as to secure additional claims which will be prosecuted for collection of the sums due and owing.

22. Liability of the two named Defendants for the sums due and owing for the breach of the charters, as embodied in the above referenced awards, is joint and several because the Defendants operated as one economic unit and as the alter egos of each other, without attention to corporate formalities.

23. Specifically, and based upon the results of an investigation undertaken regarding the relationship between the two Defendants, as amplified by the admissions of their common Chairman, Jesper Bo Nielsen, there is an overlap of control and manipulation of the two Defendants which render each liable for the debts of the other under principals of piercing the corporate veil and alter ego liability.

24. The directors and/or Executive Board of both Defendants TRIDENT and UNISEA are identical, and include only Jesper Bo Nielsen and Vladimir Vetochkine.

25. The shareholders of both Defendants are identical.

26. The Defendants conduct all operations from the same business office and address in Denmark and operate in the identical business arena.

27. The Defendants share the same telephone lines and business communication equipment.

28. The Defendants share the same auditors, and the books and records of the Defendants reflect the fact that they extend loans to each other as affiliates.

29. In a previous action filed in this District in which the Plaintiff Owners sought to attach funds of the Defendant UNISEA, when UNISEA learned that a modest sum had been restrained, its Director (Jesper Bo Nielson) - who serves as director for both UNISEA and TRIDENT, advised that no further funds of UNISEA would ever be captured as he would arrange to divert all funds and assets of UNISEA into the accounts of his "other" entity", thereby reflecting a commonality of control between the two Defendants and an absence of attention to corporate formalities or arms length dealings, and a commingling of assets all of which reflect an alter ego relationship and a domination of one by the other.

30. The assets of one Defendant have been reflected in the books and records of the other for purposes of securing access to financial markets.

31. Defendants UNISEA and TRIDENT were started and have been maintained without adequate levels of capital.

32. Based upon the foregoing, as well as other activities, Defendants UNISEA and TRIDENT should be considered as a single-economic unit with no corporate distinction between or among them, rendering each liable for the debts of each other and all assets of each susceptible to attachment and/or restraint for the debts of any one or both of them.

33. By virtue of the foregoing, Defendants UNISEA and TRIDENT are properly considered parties to the subject contracts as the alter-egos of and/or controllers of one and/or the other and are thus bound and obligated to satisfy the awards entered under the subject charter parties.

34. Plaintiffs seek security for their claims in the total amount of $2,616,882.10, as specified in the attached awards and inclusive of interest now due and/or which will become due during the pendency of this action.

35. Upon information and belief, and after investigation, the Defendants identified in this action cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiffs are informed that Defendants have, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants (hereinafter, "ASSETS"), including but not limited to ASSETS in either of their names, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

WHEREFORE, Plaintiffs pray:

a.    That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against them;

b.    That since Defendants cannot be found within this District pursuant to Supplemental Rule B, that all assets of Defendants up to and including the sum of

**$2,616,882.10** may be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of the Defendants including but not limited to such assets as may be held, received or transferred in either of their names or as may be held, received or transferred for their benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.    That this Court determine and adjudge Plaintiffs entitled to enforce the Awards and enter judgment in Plaintiffs' favor thereon and against Defendants in the amount of the Awards plus interest, costs and the additional recoverable sums due, and otherwise recognize, confirm and enter judgment on the subject Award; and

d.    For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       November 13, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs

By: _____
       Peter J. Gutowski (PG 2200)
       Pamela Schultz  (PS 8675)
       80 Pine Street
       New York, NY  10005
       (212) 425-1900
       (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York   )
                 ) ss.:
County of New York )

      PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1.     I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiffs in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.     The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3.     The reason this verification is made by an attorney and not by the Plaintiffs is because the Plaintiffs are foreign entities, none of whose officers are presently within this Judicial District.

_____
Peter J. Gutowski

Sworn to before me this
13 day of November 2007

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009

<u>**IN THE MATTER OF THE ARBITRATION ACT 1996**</u>

**AND**

<u>**IN THE MATTER OF AN ARBITRATION**</u>

B E T W E E N

Zemgale Shipping Company Limited                         Claimants
                                                                      (Owners)

and

Unisea Shipping Denmark Aps                              Respondents
                                                                      (Charterers)

**"ZEMGALE"**

Charterparty dated 10th February 2005

**FIRST FINAL ARBITRATION AWARD**

**WHEREAS:**

1.  By a Charterparty on the SHELLTIME 4 form, incorporating additional terms as
    agreed between the parties on 10th February 2005 ("the Charterparty"), the Claimants
    ("the Owners") time chartered their m.v. "ZEMGALE" to the Respondents ("the
    Charterers") for a period of 12 months, plus or minus 20 days in the Charterers'
    option.



3

2. The Charterparty provided for English law to govern the contract and for any disputes arising there under to be referred to arbitration in London as follows:

"THIS CONTRACT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH ENGLISH LAW AND ANY DISPUTE ARISING OUT OF OR IN CONNECTION WITH THIS CONTRACT SHALL BE REFERRED TO ARBITRATION IN LONDON UNDER THE LMAA TERM CURRENT AT THE TIME WHEN THE ARBITRATION PROCEEDINGS ARE COMMENCED.

EACH PARTY SHALL APPOINT ONE ARBITRATOR.

A PARTY WISHING TO REFER A DISPUTE TO ARBITRATION SHALL APPOINT ITS ARBITRATOR AND SEND NOTICE OF SUCH APPOINTMENT IN WRITING TO THE OTHER PARTY REQUIRING THE OTHER PARTY TO APPOINT ITS OWN ARBITRATOR WITHIN 14 CALENDAR DAYS OF THAT NOTICE AND STATING THAT IT WILL APPOINT ITS ARBITRATOR AS SOLE ARBITRATOR UNLESS THE OTHER PARTY APPOINTS ITS OWN ARBITRATOR AND GIVE NOTICE THAT IT HAS DONE SO WITHIN THE 14 DAYS SPECIFIED.

IF THE TWO ARBITRATORS PROPERLY APPOINTED BY THE PARTIES SHALL NOT AGREE THEY SHALL APPOINT AN UMPIRE WHOSE DECISION SHALL BE FINAL. THE AWARD OF THE ARBITRATORS OR THE UMPIRE SHALL BE FINAL AND BINDING UPON BOTH PARTIES.

IF THE OTHER PARTY DOES NOT APPOINT ITS OWN ARBITRATOR AND GIVE NOTICE THAT IT HAS DONE SO WITHIN THE 14 DAYS SPECIFIED,THE PARTY REFERRING A DISPUTE TO ARBITRATION MAY, WITHOUT THE REQUIREMENT OF ANYFURTHER PRIOR NOTICE TO THE OTHER PARTY, APPOINT ITS ARBITRATOR AS SOLE ARBITRATOR AND SHALL ADVISE THE OTHER PARTY ACCORDINGLY. THE AWARD OF A SOLE ARBITRATOR SHALL BE BINDING ON BOTH PARTIES AS IF HE HAD BEEN APPOINTED BY AGREEMENT."

3. Following a dispute between the parties, the Owners appointed me, the undersigned Alan Oakley of Hoy's Farm, Upwick, Ware, Hertfordshire to act as arbitrator and called upon the Charterers to appoint an arbitrator. No response was received from the Charterers. Therefore, in accordance with the procedure set out in the arbitration clause of the Charterparty, the Owners appointed me as sole arbitrator in the reference. I am a full member of the London Maritime Arbitrators Association and the Baltic Exchange in the City of London. I am also a Fellow of the Chartered Institute of Arbitrators and a Fellow of the Institute of Chartered Shipbrokers.

4. The seat of this arbitration is in England.

5. On 22nd March 2007, the Owners served claim submissions and made an application for an interim award in the sum of US$203,975.75, later amended to US$215,413.52, in respect of unpaid hire and expenses, together with interest and costs.

6. On 26th March 2007, I made an order that the Charterers should serve defence submissions, together with counterclaim submissions if any, on or before 27th April. However, the Charterers failed to comply with this order. Therefore, on 2nd May 2007, I made a final and peremptory order that the Charterers should serve defence submissions by latest 9th May 2007. The terms of my order made it clear that if the Charterers failed to comply, the sanction would be that they were barred from advancing any positive case by way of defence to the claim and that it would then simply be for the Owners to prove their case.

7. On 9th May, the Charterers sent me a fax, which was copied to the Owners, whereby they denied liability for the Owners' claim. The Charterers contended that although the Charterparty referred to the charterers as being "Unisea Shipping Denmark ApS or their nominee", they were only working as "Brokers Only" as "Agents Only" or "as commercial managers only". Furthermore, they contended that although they had signed the fixture recap, this was only done *"for and behalf of Charterers - as per the authority"*

8.  On 30th May, the Owners amended their claim from US$149,089.67, later amended to US$147,966.63. Therefore, on 31st May, I invited the Charterers to respond to the amendment. In addition, I invited the Charterers to answer the following question within 7 days:

> "... I wish to refer back to the Respondents' fax of 9th May – since one matter is troubling me. Given the contents of that fax, I wish to be clear about one (very important) matter. The fixture recaps each refer to the Charterers as "ACCOUNT UNISEA SHIPPING DENMARK Aps ... OR THEIR NOMINEE". Therefore, given the Respondents' fax of 9th May, can the Respondents provide any substantive evidence to show that they nominated another company as the Respondents under each of the Charterparties?"

9.  The Charterers failed to answer the question or communicate with me further and on 15th June, I notified the parties that I was proceeding to my award.

10. In accordance with the provisions of section 52(4) of the Arbitration Act 1996, the Reasons for my award are attached hereto and form part of this First Final Arbitration Award.

**NOW I,** the said Alan Oakley having taken upon myself the burden of this reference and having carefully and conscientiously considered the evidence and submissions put before me and having given due weight thereto **DO HEREBY MAKE, ISSUE AND PUBLISH** this my **FIRST FINAL ARBITRATION AWARD** as follows:

**I FIND AND HOLD** that the Owners' claim succeeds in full.

**I THEREFORE AWARD AND DIRECT** that:

6

a)    the Charterers shall forthwith pay the Owners the sum of US$215,413.52 (two hundred and fifteen thousand, four hundred and thirteen United States dollars and fifty-two cents), together with interest payable from the date of the vessel's redelivery in accordance with the provisions of clause 9(b) of the Charterparty;

b)    the Charterers shall bear and pay their own and the Owners' recoverable costs of this reference on the standard basis which, unless agreed shall, in the Owners' option, be assessed by the English High Court or by me in an Award on Costs, pursuant to Section 63(3) of the Arbitration Act 1996, on the basis set out in Section 63(5) of the Act for which purpose I hereby reserve my jurisdiction;

c)    the Charterers shall also bear the costs of this Final Arbitration Award in the sum of £875 provided that if, in the first instance, the Owners shall have paid any amount in respect of such costs, they shall be entitled to an immediate refund of that amount from the Charterers; and

d)    the Charterers shall also pay interest on the Owners' costs awarded in paragraph b above and on any sum paid by the Owners in respect of the costs of this Award set out in paragraph c above at the rate of 7.5% per cent per annum compounded at three-monthly rests from the date hereof until payment in respect of the Owners' costs and from the date of any payment to me by the Owners in respect of the costs hereof until reimbursement of such sum by the Charterers.

**THIS ARBITRATION AWARD** is interim in the reference, however final as to matters decided herein. I reserve my jurisdiction to make further Award(s) in respect of matters not dealt with herein.

Given under my hand this 20th day of June 2007.


Alan Oakley                          Witness

2

**IN THE MATTER OF THE ARBITRATION ACT 1996**

**AND**

**IN THE MATTER OF AN ARBITRATION**

B E T W E E N

Latgale Shipping Company Limited                    Claimants
                                                    (Owners)


and

Unisea Shipping Denmark Aps                          Respondents
                                                    (Charterers)


**"LATGALE"**

Charterparty dated 10th February 2005


**WHEREAS:**

1.  By a Charterparty on the SHELLTIME 4 form, incorporating additional terms as agreed between the parties on 10th February 2005 ("the Charterparty"), the Claimants ("the Owners") time chartered their m.v. "LATGALE" to the Respondents ("the Charterers") for a period of 12 months, plus or minus 20 days in the Charterers' option.

EXHIBIT

B

2. The Charterparty provided for English law to govern the contract and for any disputes arising there under to be referred to arbitration in London as follows:

"THIS CONTRACT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH ENGLISH LAW AND ANY DISPUTE ARISING OUT OF OR IN CONNECTION WITH THIS CONTRACT SHALL BE REFERRED TO ARBITRATION IN LONDON UNDER THE LMAA TERM CURRENT AT THE TIME WHEN THE ARBITRATION PROCEEDINGS ARE COMMENCED.

EACH PARTY SHALL APPOINT ONE ARBITRATOR.

A PARTY WISHING TO REFER A DISPUTE TO ARBITRATION SHALL APPOINT ITS ARBITRATOR AND SEND NOTICE OF SUCH APPOINTMENT IN WRITING TO THE OTHER PARTY REQUIRING THE OTHER PARTY TO APPOINT ITS OWN ARBITRATOR WITHIN 14 CALENDAR DAYS OF THAT NOTICE AND STATING THAT IT WILL APPOINT ITS ARBITRATOR AS SOLE ARBITRATOR UNLESS THE OTHER PARTY APPOINTS ITS OWN ARBITRATOR AND GIVE NOTICE THAT IT HAS DONE SO WITHIN THE 14 DAYS SPECIFIED.

IF THE TWO ARBITRATORS PROPERLY APPOINTED BY THE PARTIES SHALL NOT AGREE THEY SHALL APPOINT AN UMPIRE WHOSE DECISION SHALL BE FINAL. THE AWARD OF THE ARBITRATORS OR THE UMPIRE SHALL BE FINAL AND BINDING UPON BOTH PARTIES.

IF THE OTHER PARTY DOES NOT APPOINT ITS OWN ARBITRATOR AND GIVE NOTICE THAT IT HAS DONE SO WITHIN THE 14 DAYS SPECIFIED,THE PARTY REFERRING A DISPUTE TO ARBITRATION MAY, WITHOUT THE REQUIREMENT OF ANYFURTHER PRIOR NOTICE TO THE OTHER PARTY, APPOINT ITS ARBITRATOR AS SOLE ARBITRATOR AND SHALL ADVISE THE OTHER PARTY ACCORDINGLY. THE AWARD OF A SOLE ARBITRATOR SHALL BE BINDING ON BOTH PARTIES AS IF HE HAD BEEN APPOINTED BY AGREEMENT."

3.  Following a dispute between the parties, the Owners appointed me, the undersigned Alan Oakley of Hoy's Farm, Upwick, Ware, Hertfordshire to act as arbitrator and called upon the Charterers to appoint an arbitrator. No response was received from the Charterers. Therefore, in accordance with the procedure set out in the arbitration clause of the Charterparty, the Owners appointed me as sole arbitrator in the reference. I am a full member of the London Maritime Arbitrators Association and the Baltic Exchange in the City of London. I am also a Fellow of the Chartered Institute of Arbitrators and a Fellow of the Institute of Chartered Shipbrokers.

4.  The seat of this arbitration is in England.

5.  On 22nd March 2007, the Owners served claim submissions and made an application for an interim award in the sum of US498,304.35, in respect of unpaid hire and expenses, together with interest and costs.

6.  On 26th March 2007, I made an order that the Charterers should serve defence submissions, together with counterclaim submissions if any, on or before 27th April. However, the Charterers failed to comply with this order. Therefore, on 2nd May 2007, I made a final and peremptory order that the Charterers should serve defence submissions by latest 9th May 2007. The terms of my order made it clear that if the Charterers failed to comply, the sanction would be that they were barred from advancing any positive case by way of defence to the claim and that it would then simply be for the Owners to prove their case.

7.  On 9th May, the Charterers sent me a fax, which was copied to the Owners, whereby they denied liability for the Owners' claim. The Charterers contended that although the Charterparty referred to the charterers as being "Unisea Shipping Denmark ApS or their nominee", they were only working as "Brokers Only" as "Agents Only" or "as commercial managers only". Furthermore, they contended that although they had signed the fixture recap, this was only done *"for and behalf of Charterers - as per the authority"*

5

8.  On 31st May 2007, I invited the Charterers to answer the following question within 7 days:

> "… I wish to refer back to the Respondents' fax of 9th May – since one matter is troubling me. Given the contents of that fax, I wish to be clear about one (very important) matter. The fixture recaps each refer to the Charterers as "ACCOUNT UNISEA SHIPPING DENMARK Aps … OR THEIR NOMINEE". Therefore, given the Respondents' fax of 9th May, can the Respondents provide any substantive evidence to show that they nominated another company as the Respondents under each of the Charterparties?"

9.  The Charterers failed to answer the question or communicate with me further and on 15th June, I notified the parties that I was proceeding to my award.

10. In accordance with the provisions of section 52(4) of the Arbitration Act 1996, the Reasons for my award are attached hereto and form part of this First Final Arbitration Award.

**NOW I,** the said Alan Oakley having taken upon myself the burden of this reference and having carefully and conscientiously considered the evidence and submissions put before me and having given due weight thereto **DO HEREBY MAKE, ISSUE AND PUBLISH** this my **FIRST FINAL ARBITRATION AWARD** as follows:

**I FIND AND HOLD** that the Owners' claim succeeds in full.

**I THEREFORE AWARD AND DIRECT** that:

a)    the Charterers shall forthwith pay the Owners the sum of US498,304.35 (four hundred and ninety-eight thousand, three hundred and four United States dollars

6

and thirty-five cents), together with interest payable from the date of the vessel's redelivery in accordance with the provisions of clause 9(b) of the Charterparty;

b)    the Charterers shall bear and pay their own and the Owners' recoverable costs of this reference on the standard basis which, unless agreed shall, in the Owners' option, be assessed by the English High Court or by me in an Award on Costs, pursuant to Section 63(3) of the Arbitration Act 1996, on the basis set out in Section 63(5) of the Act for which purpose I hereby reserve my jurisdiction;

c)    the Charterers shall also bear the costs of this Final Arbitration Award in the sum of £875 provided that if, in the first instance, the Owners shall have paid any amount in respect of such costs, they shall be entitled to an immediate refund of that amount from the Charterers; and

d)    the Charterers shall also pay interest on the Owners' costs awarded in paragraph b above and on any sum paid by the Owners in respect of the costs of this Award set out in paragraph c above at the rate of 7.5% per cent per annum compounded at three-monthly rests from the date hereof until payment in respect of the Owners' costs and from the date of any payment to me by the Owners in respect of the costs hereof until reimbursement of such sum by the Charterers.

**THIS ARBITRATION AWARD** is interim in the reference, however final as to matters decided herein. I reserve my jurisdiction to make further Award(s) in respect of matters not dealt with herein.

Given under my hand this 20th day of June 2007.

Alan Oakley.

Alan Oakley                                          Witness

2

**IN THE MATTER OF THE ARBITRATION ACT 1996**

**AND**

**IN THE MATTER OF AN ARBITRATION**

B E T W E E N

Apollo Holdings Corporation                                    Claimants
                                                               (Owners)


and


Unisea Shipping Denmark Aps                                    Respondents
                                                               (Charterers)



**"MAR"**

Charterparty dated 10th February 2005


**FIRST FINAL ARBITRATION AWARD**



**WHEREAS:**

1.  By a Charterparty on the SHELLTIME 4 form, incorporating additional terms as
    agreed between the parties on 10th February 2005 ("the Charterparty"), the Claimants
    ("the Owners") time chartered their m.v. "MAR" to the Respondents ("the
    Charterers") for a period of 12 months, plus or minus 20 days in the Charterers'
    option.

EXHIBIT

tabbies

C
_____

2. The Charterparty provided for English law to govern the contract and for any disputes arising there under to be referred to arbitration in London as follows:

"THIS CONTRACT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH ENGLISH LAW AND ANY DISPUTE ARISING OUT OF OR IN CONNECTION WITH THIS CONTRACT SHALL BE REFERRED TO ARBITRATION IN LONDON UNDER THE LMAA TERM CURRENT AT THE TIME WHEN THE ARBITRATION PROCEEDINGS ARE COMMENCED.

EACH PARTY SHALL APPOINT ONE ARBITRATOR.

A PARTY WISHING TO REFER A DISPUTE TO ARBITRATION SHALL APPOINT ITS ARBITRATOR AND SEND NOTICE OF SUCH APPOINTMENT IN WRITING TO THE OTHER PARTY REQUIRING THE OTHER PARTY TO APPOINT ITS OWN ARBITRATOR WITHIN 14 CALENDAR DAYS OF THAT NOTICE AND STATING THAT IT WILL APPOINT ITS ARBITRATOR AS SOLE ARBITRATOR UNLESS THE OTHER PARTY APPOINTS ITS OWN ARBITRATOR AND GIVE NOTICE THAT IT HAS DONE SO WITHIN THE 14 DAYS SPECIFIED.

IF THE TWO ARBITRATORS PROPERLY APPOINTED BY THE PARTIES SHALL NOT AGREE THEY SHALL APPOINT AN UMPIRE WHOSE DECISION SHALL BE FINAL. THE AWARD OF THE ARBITRATORS OR THE UMPIRE SHALL BE FINAL AND BINDING UPON BOTH PARTIES.

IF THE OTHER PARTY DOES NOT APPOINT ITS OWN ARBITRATOR AND GIVE NOTICE THAT IT HAS DONE SO WITHIN THE 14 DAYS SPECIFIED, THE PARTY REFERRING A DISPUTE TO ARBITRATION MAY, WITHOUT THE REQUIREMENT OF ANY FURTHER PRIOR NOTICE TO THE OTHER PARTY, APPOINT ITS ARBITRATOR AS SOLE ARBITRATOR AND SHALL ADVISE THE OTHER PARTY ACCORDINGLY. THE AWARD OF A SOLE ARBITRATOR SHALL BE BINDING ON BOTH PARTIES AS IF HE HAD BEEN APPOINTED BY AGREEMENT."

4

3.  Following a dispute between the parties, the Owners appointed me, the undersigned Alan Oakley of Hoy's Farm, Upwick, Ware, Hertfordshire to act as arbitrator and called upon the Charterers to appoint an arbitrator. No response was received from the Charterers. Therefore, in accordance with the procedure set out in the arbitration clause of the Charterparty, the Owners appointed me as sole arbitrator in the reference. I am a full member of the London Maritime Arbitrators Association and the Baltic Exchange in the City of London. I am also a Fellow of the Chartered Institute of Arbitrators and a Fellow of the Institute of Chartered Shipbrokers.

4.  The seat of this arbitration is in England.

5.  On 22nd March 2007, the Owners served claim submissions and made an application for an interim award in the sum of US$144,356.71, in respect of unpaid hire and expenses, together with interest and costs.

6.  On 26th March 2007, I made an order that the Charterers should serve defence submissions, together with counterclaim submissions if any, on or before 27th April. However, the Charterers failed to comply with this order. Therefore, on 2nd May 2007, I made a final and peremptory order that the Charterers should serve defence submissions by latest 9th May 2007. The terms of my order made it clear that if the Charterers failed to comply, the sanction would be that they were barred from advancing any positive case by way of defence to the claim and that it would then simply be for the Owners to prove their case.

7.  On 9th May, the Charterers sent me a fax, which was copied to the Owners, whereby they denied liability for the Owners' claim. The Charterers contended that although the Charterparty referred to the charterers as being "Unisea Shipping Denmark ApS or their nominee", they were only working as "Brokers Only" as "Agents Only" or "as commercial managers only". Furthermore, they contended that although they had signed the fixture recap, this was only done *"for and behalf of Charterers - as per the authority"*

5

8. On 31st May 2007, I invited the Charterers to answer the following question within 7 days:

> "… I wish to refer back to the Respondents' fax of 9th May – since one matter is troubling me. Given the contents of that fax, I wish to be clear about one (very important) matter. The fixture recaps each refer to the Charterers as "ACCOUNT UNISEA SHIPPING DENMARK Aps … OR THEIR NOMINEE". Therefore, given the Respondents' fax of 9th May, can the Respondents provide any substantive evidence to show that they nominated another company as the Respondents under each of the Charterparties?"

9. The Charterers failed to answer the question or communicate with me further and on 15th June, I notified the parties that I was proceeding to my award.

10. In accordance with the provisions of section 52(4) of the Arbitration Act 1996, the Reasons for my award are attached hereto and form part of this First Final Arbitration Award.

**NOW I**, the said Alan Oakley having taken upon myself the burden of this reference and having carefully and conscientiously considered the evidence and submissions put before me and having given due weight thereto **DO HEREBY MAKE, ISSUE AND PUBLISH** this my **FIRST FINAL ARBITRATION AWARD** as follows:

**I FIND AND HOLD** that the Owners' claim succeeds in full.

**I THEREFORE AWARD AND DIRECT** that:

a)    the Charterers shall forthwith pay the Owners the sum of US$144,356.71 (one hundred and forty-four thousand, three hundred and fifty-six United States dollars

6

and seventy-one cents), together with interest payable from the date of the vessel's redelivery in accordance with the provisions of clause 9(b) of the Charterparty;

b)   the Charterers shall bear and pay their own and the Owners' recoverable costs of this reference on the standard basis which, unless agreed shall, in the Owners' option, be assessed by the English High Court or by me in an Award on Costs, pursuant to Section 63(3) of the Arbitration Act 1996, on the basis set out in Section 63(5) of the Act for which purpose I hereby reserve my jurisdiction;

c)   the Charterers shall also bear the costs of this Final Arbitration Award in the sum of £875 provided that if, in the first instance, the Owners shall have paid any amount in respect of such costs, they shall be entitled to an immediate refund of that amount from the Charterers; and

'd)   the Charterers shall also pay interest on the Owners' costs awarded in paragraph b above and on any sum paid by the Owners in respect of the costs of this Award set out in paragraph c above at the rate of 7.5% per cent per annum compounded at three-monthly rests from the date hereof until payment in respect of the Owners' costs and from the date of any payment to me by the Owners in respect of the costs hereof until reimbursement of such sum by the Charterers.

**THIS ARBITRATION AWARD** is interim in the reference, however final as to matters decided herein. I reserve my jurisdiction to make further Award(s) in respect of matters not dealt with herein.

Given under my hand this 20th day of June 2007.

Alan Oakley                                        Witness

2

**IN THE MATTER OF THE ARBITRATION ACT 1996**

**AND**

**IN THE MATTER OF AN ARBITRATION**

B E T W E E N

Kaltene Navigation Inc                                     Claimants
                                                          (Owners)


and


Unisea Shipping Denmark Aps                                Respondents
                                                          (Charterers)


**"KALTENE"**

Charterparty dated 10th February 2005

**FIRST FINAL ARBITRATION AWARD**


**WHEREAS:**

1.  By a Charterparty on the SHELLTIME 4 form, incorporating additional terms as
    agreed between the parties on 10th February 2005 ("the Charterparty"), the Claimants
    ("the Owners") time chartered their m.v. "KALTENE" to the Respondents ("the
    Charterers") for a period of 12 months, plus or minus 20 days in the Charterers'
    option.



3

2. The Charterparty provided for English law to govern the contract and for any disputes arising there under to be referred to arbitration in London as follows:

"THIS CONTRACT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH ENGLISH LAW AND ANY DISPUTE ARISING OUT OF OR IN CONNECTION WITH THIS CONTRACT SHALL BE REFERRED TO ARBITRATION IN LONDON UNDER THE LMAA TERM CURRENT AT THE TIME WHEN THE ARBITRATION PROCEEDINGS ARE COMMENCED.

EACH PARTY SHALL APPOINT ONE ARBITRATOR.

A PARTY WISHING TO REFER A DISPUTE TO ARBITRATION SHALL APPOINT ITS ARBITRATOR AND SEND NOTICE OF SUCH APPOINTMENT IN WRITING TO THE OTHER PARTY REQUIRING THE OTHER PARTY TO APPOINT ITS OWN ARBITRATOR WITHIN 14 CALENDAR DAYS OF THAT NOTICE AND STATING THAT IT WILL APPOINT ITS ARBITRATOR AS SOLE ARBITRATOR UNLESS THE OTHER PARTY APPOINTS ITS OWN ARBITRATOR AND GIVE NOTICE THAT IT HAS DONE SO WITHIN THE 14 DAYS SPECIFIED.

IF THE TWO ARBITRATORS PROPERLY APPOINTED BY THE PARTIES SHALL NOT AGREE THEY SHALL APPOINT AN UMPIRE WHOSE DECISION SHALL BE FINAL. THE AWARD OF THE ARBITRATORS OR THE UMPIRE SHALL BE FINAL AND BINDING UPON BOTH PARTIES.

IF THE OTHER PARTY DOES NOT APPOINT ITS OWN ARBITRATOR AND GIVE NOTICE THAT IT HAS DONE SO WITHIN THE 14 DAYS SPECIFIED,THE PARTY REFERRING A DISPUTE TO ARBITRATION MAY, WITHOUT THE REQUIREMENT OF ANYFURTHER PRIOR NOTICE TO THE OTHER PARTY, APPOINT ITS ARBITRATOR AS SOLE ARBITRATOR AND SHALL ADVISE THE OTHER PARTY ACCORDINGLY. THE AWARD OF A SOLE ARBITRATOR SHALL BE BINDING ON BOTH PARTIES AS IF HE HAD BEEN APPOINTED BY AGREEMENT."

4

3. Following a dispute between the parties, the Owners appointed me, the undersigned Alan Oakley of Hoy's Farm, Upwick, Ware, Hertfordshire to act as arbitrator and called upon the Charterers to appoint an arbitrator. No response was received from the Charterers. Therefore, in accordance with the procedure set out in the arbitration clause of the Charterparty, the Owners appointed me as sole arbitrator in the reference. I am a full member of the London Maritime Arbitrators Association and the Baltic Exchange in the City of London. I am also a Fellow of the Chartered Institute of Arbitrators and a Fellow of the Institute of Chartered Shipbrokers.

4. The seat of this arbitration is in England.

5. On 22nd March 2007, the Owners served claim submissions and made an application for an interim award in the sum of US$6,673.37, later amended to US$6,793.02, in respect of unpaid hire and expenses, together with interest and costs.

6. On 26th March 2007, I made an order that the Charterers should serve defence submissions, together with counterclaim submissions if any, on or before 27th April. However, the Charterers failed to comply with this order. Therefore, on 2nd May 2007, I made a final and peremptory order that the Charterers should serve defence submissions by latest 9th May 2007. The terms of my order made it clear that if the Charterers failed to comply, the sanction would be that they were barred from advancing any positive case by way of defence to the claim and that it would then simply be for the Owners to prove their case.

7. On 9th May, the Charterers sent me a fax, which was copied to the Owners, whereby they denied liability for the Owners' claim. The Charterers contended that although the Charterparty referred to the charterers as being "Unisea Shipping Denmark ApS or their nominee", they were only working as "Brokers Only" as "Agents Only" or "as commercial managers only". Furthermore, they contended that although they had signed the fixture recap, this was only done *"for and behalf of Charterers - as per the authority"*

8. On 30th May, the Owners amended their claim from US$6,673.37 to US$6,793.02. Therefore, on 31st May, I invited the Charterers to respond to the amendment. In addition, I invited the Charterers to answer the following question within 7 days:

> "... I wish to refer back to the Respondents' fax of 9th May – since one matter is troubling me. Given the contents of that fax, I wish to be clear about one (very important) matter. The fixture recaps each refer to the Charterers as "ACCOUNT UNISEA SHIPPING DENMARK Aps ... OR THEIR NOMINEE". Therefore, given the Respondents' fax of 9th May, can the Respondents provide any substantive evidence to show that they nominated another company as the Respondents under each of the Charterparties?"

9. The Charterers failed to answer the question or communicate with me further and on 15th June, I notified the parties that I was proceeding to my award.

10. In accordance with the provisions of section 52(4) of the Arbitration Act 1996, the Reasons for my award are attached hereto and form part of this First Final Arbitration Award.

**NOW I,** the said Alan Oakley having taken upon myself the burden of this reference and having carefully and conscientiously considered the evidence and submissions put before me and having given due weight thereto **DO HEREBY MAKE, ISSUE AND PUBLISH** this my **FIRST FINAL ARBITRATION AWARD** as follows:

**I FIND AND HOLD** that the Owners' claim succeeds in full.

**I THEREFORE AWARD AND DIRECT** that:

a)    the Charterers shall forthwith pay the Owners the sum of US$6,793.02 (six thousand, seven hundred and ninety-three United States dollars and two cents),

6

together with interest payable from the date of the vessel's redelivery in accordance with the provisions of clause 9(b) of the Charterparty;

b)     the Charterers shall bear and pay their own and the Owners' recoverable costs of this reference on the standard basis which, unless agreed shall, in the Owners' option, be assessed by the English High Court or by me in an Award on Costs, pursuant to Section 63(3) of the Arbitration Act 1996, on the basis set out in Section 63(5) of the Act for which purpose I hereby reserve my jurisdiction;

c)     the Charterers shall also bear the costs of this Final Arbitration Award in the sum of £875 provided that if, in the first instance, the Owners shall have paid any amount in respect of such costs, they shall be entitled to an immediate refund of that amount from the Charterers; and

d)     the Charterers shall also pay interest on the Owners' costs awarded in paragraph b above and on any sum paid by the Owners in respect of the costs of this Award set out in paragraph c above at the rate of 7.5% per cent per annum compounded at three-monthly rests from the date hereof until payment in respect of the Owners' costs and from the date of any payment to me by the Owners in respect of the costs hereof until reimbursement of such sum by the Charterers.

**THIS ARBITRATION AWARD** is interim in the reference, however final as to matters decided herein. I reserve my jurisdiction to make further Award(s) in respect of matters not dealt with herein.

Given under my hand this 20th day of June 2007.


Alan Oakley                              Witness

<u>**IN THE MATTER OF THE ARBITRATION ACT 1996**</u>

**AND**

<u>**IN THE MATTER OF AN ARBITRATION**</u>

B E T W E E N

| | |
|---|---|
| Cape Wind Trading Co | Claimants (Owners) |
| and | |
| Unisea Shipping Denmark Aps | Respondents (Charterers) |

**"INDRA"**

Charterparty dated 10th February 2005

**FIRST FINAL ARBITRATION AWARD**

**WHEREAS:**

1.  By a Charterparty on the SHELLTIME 4 form, incorporating additional terms as
    agreed between the parties on 10th February 2005 ("the Charterparty"), the Claimants
    ("the Owners") time chartered their m.v. "INDRA" to the Respondents ("the
    Charterers") for a period of 12 months, plus or minus 20 days in the Charterers'
    option.



EXHIBIT

E

2.  The Charterparty provided for English law to govern the contract and for any disputes arising there under to be referred to arbitration in London as follows:

"THIS CONTRACT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH ENGLISH LAW AND ANY DISPUTE ARISING OUT OF OR IN CONNECTION WITH THIS CONTRACT SHALL BE REFERRED TO ARBITRATION IN LONDON UNDER THE LMAA TERM CURRENT AT THE TIME WHEN THE ARBITRATION PROCEEDINGS ARE COMMENCED.
EACH PARTY SHALL APPOINT ONE ARBITRATOR.
A PARTY WISHING TO REFER A DISPUTE TO ARBITRATION SHALL APPOINT ITS ARBITRATOR AND SEND NOTICE OF SUCH APPOINTMENT IN WRITING TO THE OTHER PARTY REQUIRING THE OTHER PARTY TO APPOINT ITS OWN ARBITRATOR WITHIN 14 CALENDAR DAYS OF THAT NOTICE AND STATING THAT IT WILL APPOINT ITS ARBITRATOR AS SOLE ARBITRATOR UNLESS THE OTHER PARTY APPOINTS ITS OWN ARBITRATOR AND GIVE NOTICE THAT IT HAS DONE SO WITHIN THE 14 DAYS SPECIFIED.
IF THE TWO ARBITRATORS PROPERLY APPOINTED BY THE PARTIES SHALL NOT AGREE THEY SHALL APPOINT AN UMPIRE WHOSE DECISION SHALL BE FINAL. THE AWARD OF THE ARBITRATORS OR THE UMPIRE SHALL BE FINAL AND BINDING UPON BOTH PARTIES.
IF THE OTHER PARTY DOES NOT APPOINT ITS OWN ARBITRATOR AND GIVE NOTICE THAT IT HAS DONE SO WITHIN THE 14 DAYS SPECIFIED,THE PARTY REFERRING A DISPUTE TO ARBITRATION MAY, WITHOUT THE REQUIREMENT OF ANYFURTHER PRIOR NOTICE TO THE OTHER PARTY, APPOINT ITS ARBITRATOR AS SOLE ARBITRATOR AND SHALL ADVISE THE OTHER PARTY ACCORDINGLY. THE AWARD OF A SOLE ARBITRATOR SHALL BE BINDING ON BOTH PARTIES AS IF HE HAD BEEN APPOINTED BY AGREEMENT."

4

3.  Following a dispute between the parties, the Owners appointed me, the undersigned Alan Oakley of Hoy's Farm, Upwick, Ware, Hertfordshire to act as arbitrator and called upon the Charterers to appoint an arbitrator. No response was received from the Charterers. Therefore, in accordance with the procedure set out in the arbitration clause of the Charterparty, the Owners appointed me as sole arbitrator in the reference. I am a full member of the London Maritime Arbitrators Association and the Baltic Exchange in the City of London. I am also a Fellow of the Chartered Institute of Arbitrators and a Fellow of the Institute of Chartered Shipbrokers.

4.  The seat of this arbitration is in England.

5.  On 22nd March 2007, the Owners served claim submissions and made an application for an interim award in the sum of US$339,644.00, in respect of unpaid hire and expenses, together with interest and costs.

6.  On 26th March 2007, I made an order that the Charterers should serve defence submissions, together with counterclaim submissions if any, on or before 27th April. However, the Charterers failed to comply with this order. Therefore, on 2nd May 2007, I made a final and peremptory order that the Charterers should serve defence submissions by latest 9th May 2007. The terms of my order made it clear that if the Charterers failed to comply, the sanction would be that they were barred from advancing any positive case by way of defence to the claim and that it would then simply be for the Owners to prove their case.

7.  On 9th May, the Charterers sent me a fax, which was copied to the Owners, whereby they denied liability for the Owners' claim. The Charterers contended that although the Charterparty referred to the charterers as being "Unisea Shipping Denmark ApS or their nominee", they were only working as "Brokers Only" as "Agents Only" or "as commercial managers only". Furthermore, they contended that although they had signed the fixture recap, this was only done *"for and behalf of Charterers - as per the authority"*.

5

8. On 31st May 2007 I invited the Charterers to answer the following question within 7 days:

> "… I wish to refer back to the Respondents' fax of 9th May – since one matter is troubling me. Given the contents of that fax, I wish to be clear about one (very important) matter. The fixture recaps each refer to the Charterers as "ACCOUNT UNISEA SHIPPING DENMARK Aps … OR THEIR NOMINEE". Therefore, given the Respondents' fax of 9th May, can the Respondents provide any substantive evidence to show that they nominated another company as the Respondents under each of the Charterparties?"

9. The Charterers failed to answer the question or communicate with me further and on 15th June, I notified the parties that I was proceeding to my award.

10. In accordance with the provisions of section 52(4) of the Arbitration Act 1996, the Reasons for my award are attached hereto and form part of this First Final Arbitration Award.

**NOW I,** the said Alan Oakley having taken upon myself the burden of this reference and having carefully and conscientiously considered the evidence and submissions put before me and having given due weight thereto **DO HEREBY MAKE, ISSUE AND PUBLISH** this my **FIRST FINAL ARBITRATION AWARD** as follows:

**I FIND AND HOLD** that the Owners' claim succeeds in full.

**I THEREFORE AWARD AND DIRECT** that:

a)      the Charterers shall forthwith pay the Owners the sum of US$339,644.00 (three hundred and thirty-nine thousand, six hundred and forty-four United States dollars),

6

together with interest payable from the date of the vessel's redelivery in accordance with the provisions of clause 9(b) of the Charterparty;

b)   the Charterers shall bear and pay their own and the Owners' recoverable costs of this reference on the standard basis which, unless agreed shall, in the Owners' option, be assessed by the English High Court or by me in an Award on Costs, pursuant to Section 63(3) of the Arbitration Act 1996, on the basis set out in Section 63(5) of the Act for which purpose I hereby reserve my jurisdiction;

c)   the Charterers shall also bear the costs of this Final Arbitration Award in the sum of £875 provided that if, in the first instance, the Owners shall have paid any amount in respect of such costs, they shall be entitled to an immediate refund of that amount from the Charterers; and

d)   the Charterers shall also pay interest on the Owners' costs awarded in paragraph b above and on any sum paid by the Owners in respect of the costs of this Award set out in paragraph c above at the rate of 7.5% per cent per annum compounded at three-monthly rests from the date hereof until payment in respect of the Owners' costs and from the date of any payment to me by the Owners in respect of the costs hereof until reimbursement of such sum by the Charterers.

**THIS ARBITRATION AWARD** is interim in the reference, however final as to matters decided herein. I reserve my jurisdiction to make further Award(s) in respect of matters not dealt with herein.

Given under my hand this 20th day of June 2007.

Alan Oakley                          Witness

<u>**IN THE MATTER OF THE ARBITRATION ACT 1996**</u>

**AND**

<u>**IN THE MATTER OF AN ARBITRATION**</u>


B E T W E E N


Clipstone Navigation SA                                Claimants
                                                       (Owners)


and

Unisea Shipping Denmark Aps                            Respondents
                                                       (Charterers)



**"INGA"**

Charterparty dated 10th February 2005


**FIRST FINAL ARBITRATION AWARD**



**WHEREAS:**

1.  By a Charterparty on the SHELLTIME 4 form, incorporating additional terms as
    agreed between the parties on 10th February 2005 ("the Charterparty"), the Claimants
    ("the Owners") time chartered their m.v. "INGA" to the Respondents ("the
    Charterers") for a period of 12 months, plus or minus 20 days in the Charterers'
    option.



**EXHIBIT**
F

·3

2.  The Charterparty provided for English law to govern the contract and for any disputes
arising there under to be referred to arbitration in London as follows:

"THIS CONTRACT SHALL BE GOVERNED BY AND CONSTRUED IN
ACCORDANCE WITH ENGLISH LAW AND ANY DISPUTE ARISING OUT
OF OR IN CONNECTION WITH THIS CONTRACT SHALL BE REFERRED
TO ARBITRATION IN LONDON UNDER THE LMAA TERM CURRENT AT
THE TIME WHEN THE ARBITRATION PROCEEDINGS ARE
COMMENCED.
EACH PARTY SHALL APPOINT ONE ARBITRATOR.
A PARTY WISHING TO REFER A DISPUTE TO ARBITRATION SHALL
APPOINT ITS ARBITRATOR AND SEND NOTICE OF SUCH
APPOINTMENT IN WRITING TO THE OTHER PARTY REQUIRING THE
OTHER PARTY TO APPOINT ITS OWN ARBITRATOR WITHIN 14
CALENDAR DAYS OF THAT NOTICE AND STATING THAT IT WILL
APPOINT ITS ARBITRATOR AS SOLE ARBITRATOR UNLESS THE
OTHER PARTY APPOINTS ITS OWN ARBITRATOR AND GIVE NOTICE
THAT IT HAS DONE SO WITHIN THE 14 DAYS SPECIFIED.
IF THE TWO ARBITRATORS PROPERLY APPOINTED BY THE PARTIES
SHALL NOT AGREE THEY SHALL APPOINT AN UMPIRE WHOSE
DECISION SHALL BE FINAL. THE AWARD OF THE ARBITRATORS OR
THE UMPIRE SHALL BE FINAL AND BINDING UPON BOTH PARTIES.
IF THE OTHER PARTY DOES NOT APPOINT ITS OWN ARBITRATOR
AND GIVE NOTICE THAT IT HAS DONE SO WITHIN THE 14 DAYS
SPECIFIED,THE PARTY REFERRING A DISPUTE TO ARBITRATION
MAY, WITHOUT THE REQUIREMENT OF ANYFURTHER PRIOR NOTICE
TO THE OTHER PARTY, APPOINT ITS ARBITRATOR AS SOLE
ARBITRATOR AND SHALL ADVISE THE OTHER PARTY
ACCORDINGLY. THE AWARD OF A SOLE ARBITRATOR SHALL BE
BINDING ON BOTH PARTIES AS IF HE HAD BEEN APPOINTED BY
AGREEMENT."

4

3.  Following a dispute between the parties, the Owners appointed me, the undersigned Alan Oakley of Hoy's Farm, Upwick, Ware, Hertfordshire to act as arbitrator and called upon the Charterers to appoint an arbitrator. No response was received from the Charterers. Therefore, in accordance with the procedure set out in the arbitration clause of the Charterparty, the Owners appointed me as sole arbitrator in the reference. I am a full member of the London Maritime Arbitrators Association and the Baltic Exchange in the City of London. I am also a Fellow of the Chartered Institute of Arbitrators and a Fellow of the Institute of Chartered Shipbrokers.

4.  The seat of this arbitration is in England.

5.  On 22nd March 2007, the Owners served claim submissions and made an application for an interim award in the sum of US$133,417.68, in respect of unpaid hire and expenses, together with interest and costs.

6.  On 26th March 2007, I made an order that the Charterers should serve defence submissions, together with counterclaim submissions if any, on or before 27th April. However, the Charterers failed to comply with this order. Therefore, on 2nd May 2007, I made a final and peremptory order that the Charterers should serve defence submissions by latest 9th May 2007. The terms of my order made it clear that if the Charterers failed to comply, the sanction would be that they were barred from advancing any positive case by way of defence to the claim and that it would then simply be for the Owners to prove their case.

7.  On 9th May, the Charterers sent me a fax, which was copied to the Owners, whereby they denied liability for the Owners' claim. The Charterers contended that although the Charterparty referred to the charterers as being "Unisea Shipping Denmark ApS or their nominee", they were only working as "Brokers Only" as "Agents Only" or "as commercial managers only". Furthermore, they contended that although they had signed the fixture recap, this was only done *"for and behalf of Charterers - as per the authority"*

5

8.  On 31st May 2007 I invited the Charterers to answer the following question within 7 days:

> "... I wish to refer back to the Respondents' fax of 9th May – since one matter is troubling me. Given the contents of that fax, I wish to be clear about one (very important) matter. The fixture recaps each refer to the Charterers as "ACCOUNT UNISEA SHIPPING DENMARK Aps ... OR THEIR NOMINEE". Therefore, given the Respondents' fax of 9th May, can the Respondents provide any substantive evidence to show that they nominated another company as the Respondents under each of the Charterparties?"

9.  The Charterers failed to answer the question or communicate with me further and on 15th June, I notified the parties that I was proceeding to my award.

10. In accordance with the provisions of section 52(4) of the Arbitration Act 1996, the Reasons for my award are attached hereto and form part of this First Final Arbitration Award.

**NOW I**, the said Alan Oakley having taken upon myself the burden of this reference and having carefully and conscientiously considered the evidence and submissions put before me and having given due weight thereto **DO HEREBY MAKE, ISSUE AND PUBLISH** this my **FIRST FINAL ARBITRATION AWARD** as follows:

**I FIND AND HOLD** that the Owners' claim succeeds in full.

**I THEREFORE AWARD AND DIRECT** that:

a)    the Charterers shall forthwith pay the Owners the sum of US$133,417.68 (one hundred and thirty-three thousand, four hundred and seventeen United States dollars

and sixty-eight cents), together with interest payable from the date of the vessel's redelivery in accordance with the provisions of clause 9(b) of the Charterparty;

b)    the Charterers shall bear and pay their own and the Owners' recoverable costs of this reference on the standard basis which, unless agreed shall, in the Owners' option, be assessed by the English High Court or by me in an Award on Costs, pursuant to Section 63(3) of the Arbitration Act 1996, on the basis set out in Section 63(5) of the Act for which purpose I hereby reserve my jurisdiction;

c)    the Charterers shall also bear the costs of this Final Arbitration Award in the sum of £875 provided that if, in the first instance, the Owners shall have paid any amount in respect of such costs, they shall be entitled to an immediate refund of that amount from the Charterers; and

d)    the Charterers shall also pay interest on the Owners' costs awarded in paragraph b above and on any sum paid by the Owners in respect of the costs of this Award set out in paragraph c above at the rate of 7.5% per cent per annum compounded at three-monthly rests from the date hereof until payment in respect of the Owners' costs and from the date of any payment to me by the Owners in respect of the costs hereof until reimbursement of such sum by the Charterers.

**THIS ARBITRATION AWARD** is interim in the reference, however final as to matters decided herein. I reserve my jurisdiction to make further Award(s) in respect of matters not dealt with herein.

Given under my hand this 20th day of June 2007.


Alan Oakley                              Witness

2

IN THE MATTER OF THE ARBITRATION ACT 1996

AND

IN THE MATTER OF AN ARBITRATION


BETWEEN


Kolka Navigation Inc                              Claimants
                                                  (Owners)


and


Unisea Shipping Denmark Aps                       Respondents
                                                  (Charterers)


"KOLKA"

Charterparty dated 10th February 2005


FIRST FINAL ARBITRATION AWARD


WHEREAS:

1.  By a Charterparty on the SHELLTIME 4 form, incorporating additional terms as
    agreed between the parties on 10th February 2005 ("the Charterparty"), the Claimants
    ("the Owners") time chartered their m.v. "KOLKA" to the Respondents ("the
    Charterers") for a period of 12 months, plus or minus 20 days in the Charterers'
    option.



2.  The Charterparty provided for English law to govern the contract and for any disputes arising there under to be referred to arbitration in London as follows:

> "THIS CONTRACT SHALL BE GOVERNED BY AND CONSTRUED IN
> ACCORDANCE WITH ENGLISH LAW AND ANY DISPUTE ARISING OUT
> OF OR IN CONNECTION WITH THIS CONTRACT SHALL BE REFERRED
> TO ARBITRATION IN LONDON UNDER THE LMAA TERM CURRENT AT
> THE TIME WHEN THE ARBITRATION PROCEEDINGS ARE
> COMMENCED.
> EACH PARTY SHALL APPOINT ONE ARBITRATOR.
> A PARTY WISHING TO REFER A DISPUTE TO ARBITRATION SHALL
> APPOINT ITS ARBITRATOR AND SEND NOTICE OF SUCH
> APPOINTMENT IN WRITING TO THE OTHER PARTY REQUIRING THE
> OTHER PARTY TO APPOINT ITS OWN ARBITRATOR WITHIN 14
> CALENDAR DAYS OF THAT NOTICE AND STATING THAT IT WILL
> APPOINT ITS ARBITRATOR AS SOLE ARBITRATOR UNLESS THE
> OTHER PARTY APPOINTS ITS OWN ARBITRATOR AND GIVE NOTICE
> THAT IT HAS DONE SO WITHIN THE 14 DAYS SPECIFIED.
> IF THE TWO ARBITRATORS PROPERLY APPOINTED BY THE PARTIES
> SHALL NOT AGREE THEY SHALL APPOINT AN UMPIRE WHOSE
> DECISION SHALL BE FINAL. THE AWARD OF THE ARBITRATORS OR
> THE UMPIRE SHALL BE FINAL AND BINDING UPON BOTH PARTIES.
> IF THE OTHER PARTY DOES NOT APPOINT ITS OWN ARBITRATOR
> AND GIVE NOTICE THAT IT HAS DONE SO WITHIN THE 14 DAYS
> SPECIFIED,THE PARTY REFERRING A DISPUTE TO ARBITRATION
> MAY, WITHOUT THE REQUIREMENT OF ANYFURTHER PRIOR NOTICE
> TO THE OTHER PARTY, APPOINT ITS ARBITRATOR AS SOLE
> ARBITRATOR AND SHALL ADVISE THE OTHER PARTY
> ACCORDINGLY. THE AWARD OF A SOLE ARBITRATOR SHALL BE
> BINDING ON BOTH PARTIES AS IF HE HAD BEEN APPOINTED BY
> AGREEMENT."

3. Following a dispute between the parties, the Owners appointed me, the undersigned Alan Oakley of Hoy's Farm, Upwick, Ware, Hertfordshire to act as arbitrator and called upon the Charterers to appoint an arbitrator. No response was received from the Charterers. Therefore, in accordance with the procedure set out in the arbitration clause of the Charterparty, the Owners appointed me as sole arbitrator in the reference. I am a full member of the London Maritime Arbitrators Association and the Baltic Exchange in the City of London. I am also a Fellow of the Chartered Institute of Arbitrators and a Fellow of the Institute of Chartered Shipbrokers.

4. The seat of this arbitration is in England.

5. On 22nd March 2007, the Owners served claim submissions and made an application for an interim award in the sum of US\$149,089.67, later amended to US\$147,966.63, in respect of unpaid hire and expenses, together with interest and costs.

6. On 26th March 2007, I made an order that the Charterers should serve defence submissions, together with counterclaim submissions if any, on or before 27th April. However, the Charterers failed to comply with this order. Therefore, on 2nd May 2007, I made a final and peremptory order that the Charterers should serve defence submissions by latest 9th May 2007. The terms of my order made it clear that if the Charterers failed to comply, the sanction would be that they were barred from advancing any positive case by way of defence to the claim and that it would then simply be for the Owners to prove their case.

7. On 9th May, the Charterers sent me a fax, which was copied to the Owners, whereby they denied liability for the Owners' claim. The Charterers contended that although the Charterparty referred to the charterers as being "Unisea Shipping Denmark ApS or their nominee", they were only working as "Brokers Only" as "Agents Only" or "as commercial managers only". Furthermore, they contended that although they had signed the fixture recap, this was only done *"for and behalf of Charterers - as per the authority"*

5

8.  On 30th May, the Owners amended their claim from US$149,089.67, later amended to US$147,966.63. Therefore, on 31st May, I invited the Charterers to respond to the amendment. In addition, I invited the Charterers to answer the following question within 7 days:

> "... I wish to refer back to the Respondents' fax of 9th May – since one matter is troubling me. Given the contents of that fax, I wish to be clear about one (very important) matter. The fixture recaps each refer to the Charterers as "ACCOUNT UNISEA SHIPPING DENMARK Aps ... OR THEIR NOMINEE". Therefore, given the Respondents' fax of 9th May, can the Respondents provide any substantive evidence to show that they nominated another company as the Respondents under each of the Charterparties?"

9.  The Charterers failed to answer the question or communicate with me further and on 15th June, I notified the parties that I was proceeding to my award.

10. In accordance with the provisions of section 52(4) of the Arbitration Act 1996, the Reasons for my award are attached hereto and form part of this First Final Arbitration Award.


**NOW I**, the said Alan Oakley having taken upon myself the burden of this reference and having carefully and conscientiously considered the evidence and submissions put before me and having given due weight thereto **DO HEREBY MAKE, ISSUE AND PUBLISH** this my **FIRST FINAL ARBITRATION AWARD** as follows:


**I FIND AND HOLD** that the Owners' claim succeeds in full.


**I THEREFORE AWARD AND DIRECT** that:

6

a)    the Charterers shall forthwith pay the Owners the sum of US$147,966.63 (one hundred and forty-seven thousand, nine hundred and sixty-six United States dollars and sixty-three cents), together with interest payable from the date of the vessel's redelivery in accordance with the provisions of clause 9(b) of the Charterparty;

b)    the Charterers shall bear and pay their own and the Owners' recoverable costs of this reference on the standard basis which, unless agreed shall, in the Owners' option, be assessed by the English High Court or by me in an Award on Costs, pursuant to Section 63(3) of the Arbitration Act 1996, on the basis set out in Section 63(5) of the Act for which purpose I hereby reserve my jurisdiction;

c)    the Charterers shall also bear the costs of this Final Arbitration Award in the sum of £875 provided that if, in the first instance, the Owners shall have paid any amount in respect of such costs, they shall be entitled to an immediate refund of that amount from the Charterers; and

d)    the Charterers shall also pay interest on the Owners' costs awarded in paragraph b above and on any sum paid by the Owners in respect of the costs of this Award set out in paragraph c above at the rate of 7.5% per cent per annum compounded at three-monthly rests from the date hereof until payment in respect of the Owners' costs and from the date of any payment to me by the Owners in respect of the costs hereof until reimbursement of such sum by the Charterers.

**THIS ARBITRATION AWARD** is interim in the reference, however final as to matters decided herein. I reserve my jurisdiction to make further Award(s) in respect of matters not dealt with herein.

Given under my hand this 20th day of June 2007.


Alan Oakley                                          Witness

<u>**IN THE MATTER OF THE ARBITRATION ACT 1996**</u>

<u>**AND**</u>

<u>**IN THE MATTER OF AN ARBITRATION**</u>

B E T W E E N

Kuldiga Navigation Inc                                         Claimants
                                                               (Owners)


and

Unisea Shipping Denmark Aps                                    Respondents
                                                               (Charterers)


**"KULDIGA"**

Charterparty dated 10th February 2005

**FIRST FINAL ARBITRATION AWARD**


**WHEREAS:**

1.  By a Charterparty on the SHELLTIME 4 form, incorporating additional terms as
    agreed between the parties on 10th February 2005 ("the Charterparty"), the Claimants
    ("the Owners") time chartered their m.v. "KULDIGA" to the Respondents ("the
    Charterers") for a period of 12 months, plus or minus 20 days in the Charterers'
    option.



3

2. The Charterparty provided for English law to govern the contract and for any disputes arising there under to be referred to arbitration in London as follows:

"THIS CONTRACT SHALL BE GOVERNED BY AND CONSTRUED IN
ACCORDANCE WITH ENGLISH LAW AND ANY DISPUTE ARISING OUT
OF OR IN CONNECTION WITH THIS CONTRACT SHALL BE REFERRED
TO ARBITRATION IN LONDON UNDER THE LMAA TERM CURRENT AT
THE TIME WHEN THE ARBITRATION PROCEEDINGS ARE
COMMENCED.
EACH PARTY SHALL APPOINT ONE ARBITRATOR.
A PARTY WISHING TO REFER A DISPUTE TO ARBITRATION SHALL
APPOINT ITS ARBITRATOR AND SEND NOTICE OF SUCH
APPOINTMENT IN WRITING TO THE OTHER PARTY REQUIRING THE
OTHER PARTY TO APPOINT ITS OWN ARBITRATOR WITHIN 14
CALENDAR DAYS OF THAT NOTICE AND STATING THAT IT WILL
APPOINT ITS ARBITRATOR AS SOLE ARBITRATOR UNLESS THE
OTHER PARTY APPOINTS ITS OWN ARBITRATOR AND GIVE NOTICE
THAT IT HAS DONE SO WITHIN THE 14 DAYS SPECIFIED.
IF THE TWO ARBITRATORS PROPERLY APPOINTED BY THE PARTIES
SHALL NOT AGREE THEY SHALL APPOINT AN UMPIRE WHOSE
DECISION SHALL BE FINAL. THE AWARD OF THE ARBITRATORS OR
THE UMPIRE SHALL BE FINAL AND BINDING UPON BOTH PARTIES.
IF THE OTHER PARTY DOES NOT APPOINT ITS OWN ARBITRATOR
AND GIVE NOTICE THAT IT HAS DONE SO WITHIN THE 14 DAYS
SPECIFIED,THE PARTY REFERRING A DISPUTE TO ARBITRATION
MAY, WITHOUT THE REQUIREMENT OF ANYFURTHER PRIOR NOTICE
TO THE OTHER PARTY, APPOINT ITS ARBITRATOR AS SOLE
ARBITRATOR AND SHALL ADVISE THE OTHER PARTY
ACCORDINGLY. THE AWARD OF A SOLE ARBITRATOR SHALL BE
BINDING ON BOTH PARTIES AS IF HE HAD BEEN APPOINTED BY
AGREEMENT."

4

3.  Following a dispute between the parties, the Owners appointed me, the undersigned Alan Oakley of Hoy's Farm, Upwick, Ware, Hertfordshire to act as arbitrator and called upon the Charterers to appoint an arbitrator. No response was received from the Charterers. Therefore, in accordance with the procedure set out in the arbitration clause of the Charterparty, the Owners appointed me as sole arbitrator in the reference. I am a full member of the London Maritime Arbitrators Association and the Baltic Exchange in the City of London. I am also a Fellow of the Chartered Institute of Arbitrators and a Fellow of the Institute of Chartered Shipbrokers.

4.  The seat of this arbitration is in England.

5.  On 22nd March 2007, the Owners served claim submissions and made an application for an interim award in the sum of US$396,664.54, in respect of unpaid hire and expenses, together with interest and costs.

6.  On 26th March 2007, I made an order that the Charterers should serve defence submissions, together with counterclaim submissions if any, on or before 27th April. However, the Charterers failed to comply with this order. Therefore, on 2nd May 2007, I made a final and peremptory order that the Charterers should serve defence submissions by latest 9th May 2007. The terms of my order made it clear that if the Charterers failed to comply, the sanction would be that they were barred from advancing any positive case by way of defence to the claim and that it would then simply be for the Owners to prove their case.

7.  On 9th May, the Charterers sent me a fax, which was copied to the Owners, whereby they denied liability for the Owners' claim. The Charterers contended that although the Charterparty referred to the charterers as being "Unisea Shipping Denmark ApS or their nominee", they were only working as "Brokers Only" as "Agents Only" or "as commercial managers only". Furthermore, they contended that although they had signed the fixture recap, this was only done "*for and behalf of Charterers - as per the authority*"

5

8. On 31st May 2007 I invited the Charterers to answer the following question within 7 days:

> "... I wish to refer back to the Respondents' fax of 9th May – since one matter is troubling me. Given the contents of that fax, I wish to be clear about one (very important) matter. The fixture recaps each refer to the Charterers as "ACCOUNT UNISEA SHIPPING DENMARK Aps ... OR THEIR NOMINEE". Therefore, given the Respondents' fax of 9th May, can the Respondents provide any substantive evidence to show that they nominated another company as the Respondents under each of the Charterparties?"

9. The Charterers failed to answer the question or communicate with me further and on 15th June, I notified the parties that I was proceeding to my award.

10. In accordance with the provisions of section 52(4) of the Arbitration Act 1996, the Reasons for my award are attached hereto and form part of this First Final Arbitration Award.

**NOW I,** the said Alan Oakley having taken upon myself the burden of this reference and having carefully and conscientiously considered the evidence and submissions put before me and having given due weight thereto **DO HEREBY MAKE, ISSUE AND PUBLISH** this my **FIRST FINAL ARBITRATION AWARD** as follows:

**I FIND AND HOLD** that the Owners' claim succeeds in full.

**I THEREFORE AWARD AND DIRECT** that:

a)    the Charterers shall forthwith pay the Owners the sum of. US$396,664.54 (three hundred and ninety-six thousand, six hundred and sixty-four United States dollars

and fifty-four cents), together with interest payable from the date of the vessel's redelivery in accordance with the provisions of clause 9(b) of the Charterparty;

b)   the Charterers shall bear and pay their own and the Owners' recoverable costs of this reference on the standard basis which, unless agreed shall, in the Owners' option, be assessed by the English High Court or by me in an Award on Costs, pursuant to Section 63(3) of the Arbitration Act 1996, on the basis set out in Section 63(5) of the Act for which purpose I hereby reserve my jurisdiction;

c)   the Charterers shall also bear the costs of this Final Arbitration Award in the sum of £875 provided that if, in the first instance, the Owners shall have paid any amount in respect of such costs, they shall be entitled to an immediate refund of that amount from the Charterers; and

d)   the Charterers shall also pay interest on the Owners' costs awarded in paragraph b above and on any sum paid by the Owners in respect of the costs of this Award set out in paragraph c above at the rate of 7.5% per cent per annum compounded at three-monthly rests from the date hereof until payment in respect of the Owners' costs and from the date of any payment to me by the Owners in respect of the costs hereof until reimbursement of such sum by the Charterers.

**THIS ARBITRATION AWARD** is interim in the reference, however final as to matters decided herein. I reserve my jurisdiction to make further Award(s) in respect of matters not dealt with herein.

Given under my hand this 20th day of June 2007.

Alan Oakley

Alan Oakley                                        Witness

2

**IN THE MATTER OF THE ARBITRATION ACT 1996**

**AND**

**IN THE MATTER OF AN ARBITRATION**

B E T W E E N

Dawnlight Shipping Company Limited            Claimants
                                              (Owners)


and

Unisea Shipping Denmark Aps                   Respondents
                                              (Charterers)


**"ESTERE"**

Charterparty dated 10th February 2005

**FIRST FINAL ARBITRATION AWARD**

**WHEREAS:**

1.  By a Charterparty on the SHELLTIME 4 form, incorporating additional terms as
    agreed between the parties on 10th February 2005 ("the Charterparty"), the Claimants
    ("the Owners") time chartered their m.v. "ESTERE" to the Respondents ("the
    Charterers") for a period of 12 months, plus or minus 20 days in the Charterers'
    option.



3

2. The Charterparty provided for English law to govern the contract and for any disputes arising there under to be referred to arbitration in London as follows:

> "THIS CONTRACT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH ENGLISH LAW AND ANY DISPUTE ARISING OUT OF OR IN CONNECTION WITH THIS CONTRACT SHALL BE REFERRED TO ARBITRATION IN LONDON UNDER THE LMAA TERM CURRENT AT THE TIME WHEN THE ARBITRATION PROCEEDINGS ARE COMMENCED.
> EACH PARTY SHALL APPOINT ONE ARBITRATOR.
> A PARTY WISHING TO REFER A DISPUTE TO ARBITRATION SHALL APPOINT ITS ARBITRATOR AND SEND NOTICE OF SUCH APPOINTMENT IN WRITING TO THE OTHER PARTY REQUIRING THE OTHER PARTY TO APPOINT ITS OWN ARBITRATOR WITHIN 14 CALENDAR DAYS OF THAT NOTICE AND STATING THAT IT WILL APPOINT ITS ARBITRATOR AS SOLE ARBITRATOR UNLESS THE OTHER PARTY APPOINTS ITS OWN ARBITRATOR AND GIVE NOTICE THAT IT HAS DONE SO WITHIN THE 14 DAYS SPECIFIED.
> IF THE TWO ARBITRATORS PROPERLY APPOINTED BY THE PARTIES SHALL NOT AGREE THEY SHALL APPOINT AN UMPIRE WHOSE DECISION SHALL BE FINAL. THE AWARD OF THE ARBITRATORS OR THE UMPIRE SHALL BE FINAL AND BINDING UPON BOTH PARTIES.
> IF THE OTHER PARTY DOES NOT APPOINT ITS OWN ARBITRATOR AND GIVE NOTICE THAT IT HAS DONE SO WITHIN THE 14 DAYS SPECIFIED,THE PARTY REFERRING A DISPUTE TO ARBITRATION MAY, WITHOUT THE REQUIREMENT OF ANYFURTHER PRIOR NOTICE TO THE OTHER PARTY, APPOINT ITS ARBITRATOR AS SOLE ARBITRATOR AND SHALL ADVISE THE OTHER PARTY ACCORDINGLY. THE AWARD OF A SOLE ARBITRATOR SHALL BE BINDING ON BOTH PARTIES AS IF HE HAD BEEN APPOINTED BY AGREEMENT."

4

3.  Following a dispute between the parties, the Owners appointed me, the undersigned Alan Oakley of Hoy's Farm, Upwick, Ware, Hertfordshire to act as arbitrator and called upon the Charterers to appoint an arbitrator. No response was received from the Charterers. Therefore, in accordance with the procedure set out in the arbitration clause of the Charterparty, the Owners appointed me as sole arbitrator in the reference. I am a full member of the London Maritime Arbitrators Association and the Baltic Exchange in the City of London. I am also a Fellow of the Chartered Institute of Arbitrators and a Fellow of the Institute of Chartered Shipbrokers.

4.  The seat of this arbitration is in England.

5.  On 22nd March 2007, the Owners served claim submissions and made an application for an interim award in the sum of US$25,448.61, in respect of unpaid hire and expenses, together with interest and costs.

6.  On 26th March 2007, I made an order that the Charterers should serve defence submissions, together with counterclaim submissions if any, on or before 27th April. However, the Charterers failed to comply with this order. Therefore, on 2nd May 2007, I made a final and peremptory order that the Charterers should serve defence submissions by latest 9th May 2007. The terms of my order made it clear that if the Charterers failed to comply, the sanction would be that they were barred from advancing any positive case by way of defence to the claim and that it would then simply be for the Owners to prove their case.

7.  On 9th May, the Charterers sent me a fax, which was copied to the Owners, whereby they denied liability for the Owners' claim. The Charterers contended that although the Charterparty referred to the charterers as being "Unisea Shipping Denmark ApS or their nominee", they were only working as "Brokers Only" as "Agents Only" or "as commercial managers only". Furthermore, they contended that although they had signed the fixture recap, this was only done *"for and behalf of Charterers - as per the authority"*

8. On 31st May 2007, I invited the Charterers to answer the following question within 7 days:

> "... I wish to refer back to the Respondents' fax of 9th May – since one matter is troubling me. Given the contents of that fax, I wish to be clear about one (very important) matter. The fixture recaps each refer to the Charterers as "ACCOUNT UNISEA SHIPPING DENMARK Aps ... OR THEIR NOMINEE". Therefore, given the Respondents' fax of 9th May, can the Respondents provide any substantive evidence to show that they nominated another company as the Respondents under each of the Charterparties?"

9. The Charterers failed to answer the question or communicate with me further and on 15th June, I notified the parties that I was proceeding to my award.

10. In accordance with the provisions of section 52(4) of the Arbitration Act 1996, the Reasons for my award are attached hereto and form part of this First Final Arbitration Award.

**NOW I,** the said Alan Oakley having taken upon myself the burden of this reference and having carefully and conscientiously considered the evidence and submissions put before me and having given due weight thereto **DO HEREBY MAKE, ISSUE AND PUBLISH** this my **FIRST FINAL ARBITRATION AWARD** as follows:

**I FIND AND HOLD** that the Owners' claim succeeds in full.

**I THEREFORE AWARD AND DIRECT** that:

a) the Charterers shall forthwith pay the Owners the sum of US$25,448.61 (twenty-five thousand, four hundred and forty-eight United States dollars and sixty-one

cents), together with interest payable from the date of the vessel's redelivery in accordance with the provisions of clause 9(b) of the Charterparty;

b)     the Charterers shall bear and pay their own and the Owners' recoverable costs of this reference on the standard basis which, unless agreed shall, in the Owners' option, be assessed by the English High Court or by me in an Award on Costs, pursuant to Section 63(3) of the Arbitration Act 1996, on the basis set out in Section 63(5) of the Act for which purpose I hereby reserve my jurisdiction;

c)     the Charterers shall also bear the costs of this Final Arbitration Award in the sum of £875 provided that if, in the first instance, the Owners shall have paid any amount in respect of such costs, they shall be entitled to an immediate refund of that amount from the Charterers; and

d)     the Charterers shall also pay interest on the Owners' costs awarded in paragraph b above and on any sum paid by the Owners in respect of the costs of this Award set out in paragraph c above at the rate of 7.5% per cent per annum compounded at three-monthly rests from the date hereof until payment in respect of the Owners' costs and from the date of any payment to me by the Owners in respect of the costs hereof until reimbursement of such sum by the Charterers.

**THIS ARBITRATION AWARD** is interim in the reference, however final as to matters decided herein. I reserve my jurisdiction to make further Award(s) in respect of matters not dealt with herein.

Given under my hand this 20th day of June 2007.

Alan Oakley                              Witness