Holwell, J

525-06/PJG/PLS
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiffs
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV 10267

---------------------------------------------------------------X
ZEMGALE SHIPPING COMPANY LTD.,
LATGALE SHIPPING COMPANY LTD., APOLLO
HOLDINGS CORPORATION, KALTENE NAVIGATION
INC., CAPE WIND SHIPPING CO, CLIPSTONE
NAVIGATION S.A., KOLKA NAVIGATION INC.,
KULDIGA NAVIGATION INC. and DAWNLIGHT
SHIPPING COMPANY,

                                      Plaintiffs,

     -against –

UNISEA SHIPPING DENMARK ApS and
TRIDENT MARINE ApS,

                                    Defendants.
---------------------------------------------------------------X

ORDER (i) DIRECTING
CLERK TO ISSUE
PROCESS OF MARITIME
ATTACHMENT AND
GARNISHMENT;
(ii) APPOINTING
PERSON(s) TO SERVE
PROCESS PURSUANT TO
RULE 4(c); and
(iii) DEFINING SCOPE OF
SERVICE

Upon reading and filing the Verified Complaint of the Plaintiffs herein, verified on the 13th day of November 2006, and the Affidavit of Pamela L. Schultz, sworn to on the 12th day of November, that to the best of her information and belief Defendants Unisea Shipping Denmark ApS and Trident Marine ApS cannot be found within this District for the purpose of an attachment under Supplemental Rule B(1), and the Court having found that the conditions required by Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure exist,

NYDOCS1/293620.1

NOW, upon motion of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff, it is hereby **O R D E R E D** that the Clerk of this Court is directed forthwith to issue the Process of Maritime Attachment and Garnishment for seizure of all tangible and intangible property of the Defendant, as described therein, including but not limited to any property of the Defendants (collectively hereinafter "ASSETS"), as may be held, received or transferred in either of their own names, or for their benefit, at, moving through, or within the possession, custody or control of banking institutions and/or other institutions or such other garnishee(s) on whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of USD $2,616,882.10 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**O R D E R E D** that supplemental process enforcing the Court's Order may be issued and served without further Order of the Court; and it is further

**O R D E R E D** that Robert Ridenour, Joan Sorrentino, Christina Gargano, Barbara G. Carnevale, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment and the Verified Complaint, together with a copy of this Order and any interrogatories, upon any garnishee named in the Process, together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for, or on behalf of the Defendants; and it is further

**O R D E R E D** that following initial service upon any garnishee by the United States Marshal or any other person designated by this or any subsequent Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment may thereafter be made by way of facsimile transmission or other verifiable electronic means,

including e-mail, to each garnishee so personally served, such service to be in accordance with each garnishee's preference or policy, and such facsimile or other electronic transmission shall be deemed to be made within the district if it has been sent from within the district; and it is further

**O R D E R E D** that service on any garnishee herein is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service, and it is further deemed to be effective through the end of the next business day, provided another service is made the next business day.

Dated: November 14, 2007
New York, New York

_____
U.S.D.J.

Part I